IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. WILLIAMS, | No. C 09-0133 MMC (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |
| _____ | |

On January 12, 2009, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2006 decision by the California Board of Parole Hearings ("Board") to deny petitioner parole. Respondent filed an answer to the petition, and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed supplemental briefs explaining their views of how the Hayward en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the

constitutionally required standard of review applicable to petitioner's due process claim herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1986, in the Superior Court of Los Angeles County ("Superior Court"), petitioner pleaded guilty to second degree murder. He was sentenced to a term of fifteen years to life in state prison. Petitioner did not appeal the conviction.

Petitioner's sixth parole suitability hearing, which is the subject of the instant petition, was held on June 7, 2006. At the conclusion of the hearing, the Board, after having reviewed the facts of the commitment offense, petitioner's social and criminal history, his employment, educational and disciplinary history while incarcerated, and his mental health reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. (Resp't Answer to Order to Show Cause ("Answer") Ex. 1 (Super. Ct. Pet.) Ex. A (Transcript of Parole Board Hearing) at 74-89.)[1]

After he was denied parole, petitioner filed a habeas petition in the Superior Court, challenging the Board's decision. In a reasoned order filed September 13, 2007, the Superior Court denied relief, finding the Board properly applied state parole statutes and regulations to find petitioner unsuitable for parole, and that some evidence supported the Board's decision. (Answer Ex. 2.) Petitioner next filed a habeas petition in the California Court of Appeal. On December 18, 2007, the Court of Appeal denied the petition in a summary order, finding that sufficient evidence supported the Board's decision. (Answer Ex. 4.) Petitioner then filed a habeas petition in the California Supreme Court; the petition was summarily denied on September 17, 2008. (Answer Ex. 6.)

Petitioner next filed the instant petition, in which he claims the Board did not provide him with a hearing that met the requirements of federal due process. In particular, petitioner

---

[1]Unless otherwise noted, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

1 claims the Board's decision to deny parole was not supported by some evidence that
2 petitioner at that time posed a danger to society if released, but, instead, was based solely on
3 the unchanging circumstances of the commitment offense.  Additionally, petitioner claims
4 the Board's denial of parole violates the terms of petitioner's plea agreement.

## DISCUSSION

A. <u>Standard of Review</u>

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362, 409-13 (2000).  Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole.  <u>Sass v. California Board of Prison Terms</u>, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, both the California Court of Appeal and the California Supreme Court summarily denied review of petitioner's claims.  The Superior Court thus was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews under § 2254(d).  See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991); <u>Barker v. Fleming</u>, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B. <u>Petitioner's Claims</u>

1. <u>Due Process Claim</u>

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute.  <u>In re Dannenberg</u>, 34 Cal. 4th 1061, 1078 (2005).  Regardless of the length of time

3

served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

As noted, petitioner claims the Board's decision to deny parole was not supported by some evidence that petitioner at that time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense. Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally required procedures. Id. at 862. In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id. "The Constitution," [the Supreme Court has held], "does not require

4

more." Id.; see Pearson v. Muntz, No. 08-55728, --- F.3d ---, 2011 WL 1238007, at *5 (9th Cir. Apr. 5, 2011) ("Cooke was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, that should be the beginning and end of the inquiry into whether the inmate received due process.") (internal brackets, quotation and citation omitted).

Here, the record shows petitioner received at least the process found by the Supreme Court to be adequate in Cooke. Specifically, the record shows the following: petitioner was represented by counsel at the hearing (Ex. 1 Ex. A at 2:1-2); petitioner and his counsel had access, in advance of the hearing, to the documents reviewed by the Board at the hearing (id. at 5:12-19); the Board read into the record a summary of the commitment offense taken from petitioner's prior parole hearing (id. at 7:3-8:10), and also read into the record a statement of petitioner's version of the event (id. at 8:10-10:9); petitioner was provided the opportunity to discuss the commitment offense with the Board, but declined to do so (id. at 6:6-11); the Board discussed with petitioner his personal background, his parole plans, his achievements while incarcerated, and the mental health reports prepared for the hearing (id. at 10:10-62:22); petitioner's counsel questioned petitioner, and both petitioner and his counsel made statements advocating petitioner's release (id. at 63:2-66:4, 69:13-73:5); petitioner received a thorough explanation as to why the Board denied parole (id. at 74-89).

Further, because California's "some evidence" rule is not a substantive federal requirement, whether the Board's decision to deny parole was supported by some evidence of petitioner's current dangerousness is not relevant to this Court's decision on the instant petition for federal habeas corpus relief. Cooke, 131 S. Ct. at 862-63. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863.

Accordingly, habeas relief will be denied on this claim.

2. Breach of Plea Agreement

5

Petitioner next argues that the Board's determination that petitioner was not suitable for parole violated the plea agreement petitioner entered in 1986 in connection with his guilty plea. Although petitioner raised the instant claim in each of his state habeas petitions, no state court has addressed the claim in a reasoned opinion. Where there is no reasoned decision and, as here, the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-84 ( 2011).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an "independent review" of the record. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). An "independent review" of the record "is not de novo review of the constitutional issue, but rather, the only method by which [the federal court] can determine whether a silent state court decision is objectively unreasonable." See id. In conducting such a review, "a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 131 S. Ct. at 786. Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Id. at 784.

In support of the instant claim, petitioner asserts he reasonably believed that by pleading guilty to second degree murder he would, absent his committing any subsequent offenses in prison, be released at the earliest possible parole date. Specifically, petitioner cites California parole regulations that contain a matrix of suggested uniform base terms that prisoners convicted of murder should serve before they are released on parole. See Cal. Code Regs. tit. 15, § 2403. The base term is to be set solely on the basis of "the gravity of the base crime, taking into account all of the circumstances of that crime." Id. § 2403(a). If, as in petitioner's case, the base offense is second degree murder, the matrix base term ranges from a low of fifteen years to a high of twenty-one years, depending on the facts of the crime.

6

See id. § 2403(c). When petitioner was denied parole in 2006 he had been incarcerated for approximately twenty years.

"[D]ue process rights conferred by the federal constitution allow [a defendant] to enforce the terms of [his] plea agreement." Brown v. Poole, 337 F. 3d 1155, 1159 ( 9th Cir. 2003). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); see also Brown, 337 F. 3d at 1159 (holding prosecutor's promise, that petitioner would be released on parole after serving half of minimum sentence discipline-free, was binding).

It is clearly established federal law that the interpretation of state court plea agreements, and all contractual obligations resulting therefrom, are generally matters of state law. See Buckley v. Terhune, 441 F.3d 688, 694-695 (9th Cir. 2006). "Plea agreements are contractual in nature and are measured by contract law standards." Brown, 337 F. 3d at 1159 (internal quotation and citation omitted). California law requires that courts first look to the plain meaning of the agreement's language. See Buckley, 441 F.3d at 695 (citing Cal. Civ. Code §§ 1638, 1644). "Where it is clear from context what would reasonably have prompted acceptance of the agreement, even in part, no further speculative factual inquiry is needed." Brown, 337 F.3d at 1160.

In determining whether habeas relief is warranted, a district court must consider whether the state court's decision denying relief was "consistent with a proper application of state contract law in interpreting the plea agreement" and, if not, must find "the decision was an 'unreasonable application of' clearly established federal law." Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006). Under California law, "[a] plea agreement violation claim depends upon the actual terms of the agreement, not the subjective understanding of the defendant . . . ." In re Honesto, 130 Cal. App. 4th 81, 92 ( 2005). Consequently, in order for the state court to determine whether the terms of a plea agreement have been violated, the terms of such agreement must be placed on the record. Id. (finding "no evidentiary basis" for petitioner's claim that plea agreement was violated by Board's denial of parole, where

7

1 petitioner "did not submit a transcript or a declaration from the trial judge, his trial counsel or
2 the prosecutor").

3 Here, there is no evidence in the record that petitioner, in pursuing the instant claim by
4 way of state habeas corpus, presented any state court with evidence of the actual terms of the
5 plea agreement. In particular, there is no indication in petitioner's state habeas petitions that
6 petitioner submitted therewith any documentary evidence to support his assertions of a
7 breach of the plea agreement, such as a transcript of the plea colloquy or sentencing, a copy
8 of the plea agreement, an abstract of judgment, or even a direct citation to any of the above.

9 Similarly, petitioner has not submitted any evidence to support his claim herein, nor
10 has he provided any reason for his failure to do so. Consequently, this Court has no way of
11 determining what in fact occurred in state court at the time the plea agreement was entered.
12 In essence, petitioner asks the Court to find the California Supreme Court's determination
13 rejecting his claim was unreasonable, without petitioner's having presented any documentary
14 evidence that reflects an objectively reasonable expectation on petitioner's part, as based on
15 events that occurred some twenty-five years ago. Cf. Brown, 337 F.3d at 1159-60 (finding
16 plea agreement breached where transcript of plea colloquy clearly showed petitioner relied
17 on prosecutor's promise petitioner would be released on parole after serving half of fifteen-
18 year minimum term provided petitioner did not incur disciplinary infractions).

19 Accordingly, for the foregoing reasons, the Court finds the state court's denial of
20 petitioner's claim did not result in a decision that was contrary to, or involved an
21 unreasonable application of, clearly established federal law, and was not based on an
22 unreasonable determination of the facts in light of the evidence presented in the state court
23 proceeding. 28 U.S.C. § 2254(d).

24 C.  Certificate of Appealability

25 A certificate of appealability will be denied with respect to the Court's denial of the
26 instant petition. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases
27 Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability
28 when entering final order adverse to petitioner). Specifically, petitioner has failed to make a

8

substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: May 20, 2011

_____
MAXINE M. CHESNEY
United States District Judge

9